**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EDINA HARSAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-4080-EFM-ADM |
| ) | |
| KANSAS SUPREME COURT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Edina Harsay ("Harsay") brings this action against the Kansas Supreme Court and six current Kansas Supreme Court members in their official capacities: Chief Justice Marla J. Luckert and Justices Eric S. Rosen, Dan Biles, Evelyn Z. Wilson, Keynen Wall, Jr., and Melissa Taylor Standridge ("defendants" or "Justices," as appropriate). This matter now comes before the court on Harsay's Motion for Leave of Court to File a First Amended Complaint. (ECF 17.) By way of this motion, Harsay seeks leave to amend her complaint to correct deficiencies noted in defendants' memorandum in support of their motion to dismiss (ECF 6) that Harsay argues "might prevent the Court from considering the merits of this case." (ECF 17, at 1.) Harsay says her proposed amended complaint clarifies the statutes under which this action is brought and "articulate[s] better the need for a remedy and the particular remedy sought." (ECF 17, at 1.) Defendants contend the court should deny Harsay's motion on the grounds that the proposed amended complaint is futile. For the reasons set forth below, the court agrees and recommends that the assigned district judge deny Harsay's motion to amend.[1]

---

[1] If a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in a case, courts have found such a ruling to be dispositive for which review may be sought pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008); *see also Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014) (citing

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This is the second civil rights case Harsay has filed in this court concerning the same subject matter. But this matter has been litigated in many courts over many years—more than a decade, in fact.

Years ago, Harsay was a non-tenured professor at The University of Kansas ("KU"). On April 23, 2010, KU told Harsay that then-Chancellor Bernadette Gray-Little had decided not to grant her tenure and to terminate her employment. (ECF 1-1, at 57-58.)[2] Harsay filed a petition in Douglas County District Court asking for judicial review of KU's decision pursuant to the Kansas Judicial Review Act ("KJRA"), KAN. STAT. ANN. § 77-601 *et seq*. (*Id.*) The court ultimately found in favor of KU, finding its decision "was supported by substantial evidence and was not unreasonable, arbitrary, or capricious." (*Id.*)

The Kansas Court of Appeals reversed. That court's opinion discussed the letter setting forth KU's final decision as to Harsay, which stated merely that KU's chancellor accepted the University Committee on Promotion and Tenure's ("University Committee") recommendation to deny Harsay tenure. (*Id.* at 59-60, 91.)[3] The Kansas Court of Appeals determined that the University Committee had incorrect information regarding the number of grants awarded to Harsay when it made the recommendation to deny Harsay tenure. (*Id.* at 91-92.) The chancellor's

---

*Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011) ("[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend *for reasons other than futility* is a nondispositive order) (emphasis added). Because the undersigned recommends denial of the motion to amend on the basis of futility, the magistrate judge issues a report and recommendation to the district judge.

[2] These facts are from the Kansas Supreme Court's opinion issued in this case, which is included in Exhibit 1 to Harsay's Complaint as Appendix A. (ECF 1-1, at 48-69.) The official case cite is *Harsay v. Univ. of Kan.*, 430 P.3d 30 (Kan. 2018).

[3] The Kansas Court of Appeals' opinion is included in Exhibit 1 to Harsay's Complaint as Appendix B. (ECF 1-1, at 72-94.) The official case cite is *Harsay v. Univ. of Kan.*, 376 P.3d 98, 2016 WL 4069604 (Kan. Ct. App. July 29, 2016), *rev'd*, 430 P.3d 30 (Kan. 2018).

letter did not contain specific findings, however, and the court refrained from "speculat[ing] on whether the chancellor's decision would have been different if she had before her a recommendation from the University Committee based on accurate information." (*Id.* at 92-93.) The Kansas Court of Appeals remanded the case for "further consideration by the University's various tenure committees . . . based on Dr. Harsay's correct history of research productivity and scholarly works." (*Id.* at 93.)

On appeal, the Kansas Supreme Court reversed the Court of Appeals and affirmed the Douglas County District Court's judgment in favor of KU. The Kansas Supreme Court acknowledged that the number of Harsay's funded grants was misstated twice in the tenure process record. But the court found this inaccuracy was just "one feature of one criterion in the three-criterion evaluation process [and] did not fatally pollute that process or necessarily detract from or destroy the many accurate elements the decision makers had before them." *Harsay*, 430 P.3d at 38. The Kansas Supreme Court found KU's decision was supported by substantial evidence "in light of the record as a whole." *Id.*

Harsay filed a motion for rehearing or modification, arguing the Kansas Supreme Court applied a standard of review that was invalidated by 2009 amendments to the KJRA and incorrectly disregarded evidence in the tenure process record that detracted from the University's decision.[4] She also asked the court to correct statements in the opinion regarding herself and her tenure review that she characterized as "misleading." (*Id.*) The Kansas Supreme Court denied Harsay's motion.[5]

---

[4] The motion for rehearing or modification is included as Exhibit 2 to Harsay's Complaint. (ECF 1-2.)

[5] The Kansas Supreme Court's denial of Harsay's motion is included in Exhibit 1 to Harsay's Complaint as Appendix C. (ECF 1-1, at 95.)

Harsay then petitioned the United States Supreme Court for review. The Supreme Court denied that petition.[6]

Undeterred, Harsay refused to give up the fight. On March 1, 2021, she filed her first complaint in this court claiming the Kansas Supreme Court Justices deprived her of rights under the Fourteenth Amendment to the United States Constitution. Specifically, she alleged that the Justices violated (1) her right to equal protection by denying her the benefit of the KJRA because of her status as an academic and a pro se litigant and (2) her right to substantive due process by "misrepresenting" her side of the case in their opinion and "making misleading or inaccurate statements." (ECF 1, at 6, in Case No. 5:21-cv-04017 (hereinafter "*Harsay 1*").) She asked the court to order the Justices to issue a revised opinion that "honestly presents [her] side of the case and omits or clarifies statements that are misleading and harmful"; acknowledges and addresses her legal arguments; and reprimands the Douglas County District Court for how it handled her case. (*Id.* at 7.) She did not seek damages or declaratory relief.

The court (specifically, the undersigned) granted Harsay leave to proceed *in forma pauperis* and screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF 4 in *Harsay 1*.) In doing so, the court recommended that the presiding district judge dismiss her complaint because (1) Harsay sought injunctive relief for acts or omissions that the Justices took in their judicial capacity, which is unavailable under 42 U.S.C. § 1983; (2) the Justices are protected by Eleventh Amendment sovereign immunity; and (3) this court does not have authority to issue an order directing state judicial officers in the performance of their official duties. The presiding

---

[6] Harsay's Petition for Writ of Certiorari is Exhibit 1 to Harsay's Complaint and includes Appendices A-D. (ECF 1-1, at 1-98.) Her petition for writ of certiorari to the Supreme Court of Kansas was denied on October 7, 2019, and her petition for rehearing was denied on November 25, 2019. *Harsay v. Univ. of Kan.*, 140 S. Ct. 201, *reh'g denied*, 140 S. Ct. 568 (2019).

district judge agreed and dismissed Harsay's complaint as "legally deficient on account of (1) failure to state a claim under Section 1983, Title 42, U.S.C.; (2) Eleventh Amendment sovereign immunity; and (3) the court's inability to grant plaintiff the relief requested." (ECF 11 in *Harsay 1*.) On June 28, 2021, the court entered judgment and dismissed the case without prejudice. (ECF 12 in *Harsay 1*.)

Nearly five months later, on November 10, 2021, Harsay filed a nearly identical action in this court except that, in the current action, she names the Kansas Supreme Court as an additional defendant. Like in *Harsay 1*, she contends defendants violated her right to equal protection under the KJRA, and thus her constitutional rights under the Fourteenth Amendment's Equal Protection Clause and Due Process Clause by allegedly ignoring her key legal arguments and making misleading, inaccurate statements in their opinion—all of which caused her emotional distress and harmed her reputation to the point she is "essentially unemployable" in her field. (ECF 1, at 11-13.) As a remedy, the complaint seeks an order compelling the Justices to issue a revised opinion "because it is the right thing to do." (ECF 1, at 16.)

On February 18, 2022, the defendants filed a motion to dismiss her complaint (ECF 5) in which they argue this lawsuit is nearly identical to *Harsay 1* and must be dismissed for the same reasons. (ECF 6, at 1.) That motion is currently pending before the assigned district judge. Meanwhile, Harsay filed the current motion to amend her complaint, in which she purportedly seeks to correct deficiencies noted in defendants' memorandum in support of their motion to dismiss (ECF 6) that "might prevent the Court from considering the merits of this case." (ECF 17, at 1.) Harsay identified these deficiencies as "a need to state an appropriate statute under which this action is brought, and a need to articulate better the need for a remedy and the particular remedy sought." (*Id.*)

Harsay's proposed amended complaint still contends that the defendants violated her rights to equal protection and substantive due process under the Fourteenth Amendment's Equal Protection Clause and Due Process Clause. It also seeks to add the Kansas Supreme Court as a defendant and requests both "[d]eclaratory and injunctive relief . . . under the Declaratory Judgment Act, U.S.C. §§ 2201, 2202, and either declaratory or injunctive relief . . . under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." (ECF 17-1, at 2; *see also id.* at 13, 15-16.) Harsay's proposed amended complaint recognizes "that injunctive relief that would force a revised opinion would be very inappropriate" and seeks a declaratory remedy, "in addition to, or instead of," injunctive relief. (*Id.* at 15-16; ECF 17, at 3.)

## II.  LEGAL STANDARDS

### A.  Amendment Under Rule 15

Once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same). A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Whether to grant a motion to amend is within the

6

court's sound discretion.  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

### B. Dismissal Under Rule 12(b)(6)

To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief.  *Id.*  Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend."  *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).  The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Harsay is proceeding pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys."  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).  In doing so, the court does not "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

### III. ANALYSIS

As explained below, Harsay's proposed amended complaint suffers from the same deficiencies as both her dismissed complaint in *Harsay 1* and her original complaint in this case.

7

Although Harsay insists her proposed amended complaint "addressed a serious and harmful factual error" in this court's report and recommendation to dismiss her claims in the previous case (ECF 19, at 2 (citing ECF 17-1, at 7)), Harsay acknowledges that her proposed amended complaint merely sets forth the "key facts more explicitly" (and assumes this court "missed" the key facts in the previous case because Harsay "simply cited page numbers from an attached exhibit"). (*Id*.) But the problem with Harsay's prior complaints is not that the court "missed" key facts. It didn't. The problem is that the prior complaints failed to state a claim upon which relief can be granted, and the proposed amended complaint does not fix those issues. Thus, for essentially the same reasons stated in this court's report and recommendation in *Harsay 1* (which are incorporated herein by reference), the court recommends that Harsay's motion to amend her complaint be denied because her proposed amendment would be futile.

First, Harsay's proposed amended complaint still does not and cannot overcome defendants' Eleventh Amendment sovereign immunity. The Eleventh Amendment prevents Harsay from suing a state court or judicial department in federal court. *See Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 785–86 (1991); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 70–71 (1989) (holding that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Harper v. Office of Att'y Regul.*, No. 14-CV-02289, 2014 WL 5801173, at *2 (D. Colo. Nov. 7, 2014) (finding Eleventh Amendment bars claims against the Colorado Supreme Court, Office of the Presiding Disciplinary Judge, and Office of Attorney Regulation Counsel). Further, in suits for damages, neither a state nor its officials acting in an official capacity are "persons" under § 1983. *See Ross v. Bd. of Regents*, 599 F.3d 1114, 1117 (10th Cir. 2010).

Harsay asserts that the Kansas Supreme Court "is actually the most proper defendant in this case" but for the problem that it does not fall under the definition of "person" under §1983. (ECF 17, at 2.) But Harsay's proposed amendment is futile not because the Kansas Supreme Court is not a "person" as used in the statute, but because the Eleventh Amendment "provides absolute immunity from suit in federal courts for states and their agencies" absent an "unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Harsay essentially recognizes this but states that she hopes defendants will waive immunity. (ECF 17-1, at 5.) But defendants have not done so.

Thus, a judge's immunity from civil liability is overcome in only two sets of circumstances: (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The allegations in the proposed amended complaint establish that the actions of which Harsay complains relate to the Justices' roles as presiding judges in Harsay's appeal and were not actions taken in the complete absence of all jurisdiction. Harsay therefore has not pled around Eleventh Amendment immunity or come within any exception to its jurisdictional bar. Therefore, her proposed amended pleading does not rectify the fact that her claims against defendants should be dismissed for lack of subject matter jurisdiction as barred by Eleventh Amendment immunity.

Second, Harsay's proposed amended complaint still seeks injunctive relief for acts or omissions that the Justices took in their judicial capacity. But this relief is unavailable under 42 U.S.C. § 1983. *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010) (stating that judicial officers are generally "explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983"); 42 U.S.C. § 1983 (stating that "in any action brought

9

against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Harsay's proposed amended complaint does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Her claim for injunctive relief is therefore barred by the statute's plain language.

Harsay acknowledges that "injunctive relief that would force a revised opinion would be very inappropriate" (ECF 17-1, at 16), but she nevertheless proceeds to seek the same type of corrective action (i.e., injunctive relief) with respect to defendants' ruling. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1222 (10th Cir. 2009) ("[T]his court defines injunctive relief as all equitable decrees compelling obedience under the threat of contempt." (quotation omitted)). Harsay again asks that defendants take corrective action:

> I recognize that injunctive relief that would force a revised opinion would be very inappropriate, regardless of whether or not it is legally possible. However, requesting that the Defendants publish a corrective statement, and/or cite a declaratory judgment from this case whenever my KJRA case is cited, seems reasonable and proper. Even if injunctive relief is not possible or deemed as not proper, I can ask that the Defendants take corrective action, regardless of the outcome of the present case, because it is the right thing to do.

(ECF 17-1, at 16.) As explained in this court's report and recommendation in *Harsay 1*, such relief is not available. (ECF 4 in *Harsay 1* (citing, e.g., *Rahimi v. Sweat*, 748 F. App'x 849, 850-53 (10th Cir. 2018) (affirming summary judgment in a § 1983 case where the pro se plaintiff sought an order requiring the defendant state court judge to take action after allegedly ignoring plaintiff's case and allowing trespass on plaintiff's property).)

Third, Harsay requests that this court issue a declaration that defendants' "inaccurate, misleading factual statements, as well as the omission of uncontested facts in [Harsay's] favor, have caused, and continue to cause, severe harm to [Harsay], in violation of [her] constitutional

10

rights" and a declaration of "the existence of [Harsay's] key legal arguments." (ECF 17-1, at 15-16.) But this does not seek a mere declaration of the parties' rights. In substance, Harsay essentially seeks a declaratory judgment that would have the practical effect of overturning the state court's decision. This court's report and recommendation in *Harsay 1* explained that this court does not have the authority to issue an order directing state judicial officers in the performance of their duties. (*See* ECF 4 in *Harsay 1*.)

In sum, Harsay's proposed amendment fails to state a claim upon which relief can be granted for essentially the same reasons stated in the court's report and recommendation in *Harsay 1*. The court therefore recommends that the presiding district judge deny her motion to amend because the proposed amendment would be futile.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff Edina Harsay's Motion For Leave to File a First Amended Complaint (ECF 17) be denied for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order to Harsay via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated May 31, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

12