IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDINA HARSAY,

      *Plaintiff,*

vs.

MARLA LUCKERT, et al.,

      *Defendants.*

Case No. 21-CV-4080-EFM-ADM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 5) and Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 20) that the Court deny Plaintiff's Motion for Leave to Amend (Doc. 17). Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation (Doc. 25). For the reasons stated below, the Court grants Defendants' Motion to Dismiss, overrules Plaintiff's objections, and adopts the recommended decision of the Magistrate Judge.

**I.    Factual and Procedural Background**

Proceeding pro se, Plaintiff Edina Harsay brings this Complaint against the Kansas Supreme Court and six of its justices, Marla Luckert, Dan Biles, Evelyn Wilson, Keynen Wall, Jr., Melissa Standridge, and Eric Rosen, in their official capacities. Harsay alleges that the Kansas

Supreme Court made serious factual mistakes and presented misleading statements in addressing her case before it in 2018[1] and requests a revised opinion correcting those errors.

Defendants have since moved to dismiss Harsay's claims and Harsay has requested leave to amend her Complaint. Magistrate Judge Mitchell has recommended that the Court deny Harsay's request.

## II.     Legal Standard

### A.     Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."[2] A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[3] "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.' "[4] If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all factual allegations in the complaint as true.[5]

---

[1] *Harsay v. Univ. of Kan.*, 308 Kan. 1371, 430 P.3d 30 (2018), *cert. denied*, 140 S. Ct. 201 (2019), *reh'g denied*, 140 S. Ct. 568 (2019).

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[3] *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[4] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (citation omitted).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

### B. Objections to a Magistrate Judge's Dispositive Order

The Court reviews de novo any part of a magistrate judge's disposition on dispositive motions to which parties properly object.[6] When a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, that ruling is to be treated as dispositive.[7] A party's objections to a magistrate's order must be timely and specific.[8] The court "may accept, reject, or modify the recommended decision; receive further evidence, or recommit the matter to the magistrate judge with instructions."[9]

### C. Pro Se Litigants

Because Harsay appears pro se in this case, the Court must liberally construe her pleadings.[10] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which the plaintiff could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[11] The Court, however, is not an advocate for the pro se litigant.[12]

---

[6] Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[7] *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (citing *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998)).

[8] *See* Fed. R. Civ. P. 72(b)(2) (stating objections must be timely filed within fourteen days of the magistrate judge's issuance of a recommendation).

[9] Fed. R. Civ. P. 72(b)(3).

[10] See *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.") (citation omitted).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[12] *Id.*

### III.     Analysis

**A.     The Court lacks subject-matter jurisdiction over Harsay's claims.**

Defendants move to dismiss Plaintiff's Complaint on multiple grounds, including for lack of subject-matter jurisdiction and for failure to state a claim.[13]  Because the Court cannot look to the merits of a case where it lacks jurisdiction, the Court will first address Defendant's argument under the *Rooker-Feldman* doctrine.[14]

The *Rooker-Feldman* doctrine bars federal review of state court judgments "where (1) the plaintiff lost in state court, (2) the state-court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the federal claim was filed, and (4) the plaintiff is asking the district court to review and reject the state judgment."[15]  *Rooker-Feldman* does not apply to claims that would be identical to state court claims, nor to "claims that do not rest on any allegation concerning the state-court proceedings or judgment."[16]  Applicability of the *Rooker-Feldman* doctrine is determined by the relief sought.[17]

Here, Plaintiff requests a revised opinion from the Kansas Supreme Court.  Harsay asserts that *Rooker-Feldman* is inapplicable because she does not seek to *overturn* the state court judgment

---

[13] *See* Fed. R. Civ. P. 12(b)(1) and (b)(6).

[14] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine is a bar to subject-matter jurisdiction.  *See Market v. City of Garden City*, 723 F. App'x 571, 575 (10th Cir. 2017) (directing district court to vacate portion of district court's opinion dismissing for failure to state a claim where the district court lacked jurisdiction under *Rooker-Feldman*).

[15] *Market*, 723 F. App'x at 572–73 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[16] *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006).

[17] *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) ("Additionally, our recent *Rooker-Feldman* jurisprudence has emphasized the relief sought by federal-court plaintiffs.") (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006)).

but, instead, requests a mandate that the Kansas Supreme Court make reasonable and fair corrections to the factual basis for its opinion. Essentially, Harsay argues that because she does not demand reversal of the Kansas Supreme Court's decision, but asks only for factual corrections, *Rooker-Feldman* is inapplicable.

This Court disagrees. Harsay alleges that purported factual inaccuracies in the Kansas Supreme Court's opinion have harmed her reputation. To provide the relief Harsay seeks, this Court would have to review and reject the Kansas Supreme Court's findings. This is the exact circumstance *Rooker-Feldman* prohibits.[18] The Court therefore lacks subject-matter jurisdiction over Harsay's claims and her case must be dismissed.

**B.      Amendment of Harsay's Complaint Would Be Futile.**

Since Defendants' filing of their Motion to Dismiss, Harsay has moved for leave to amend her Complaint. Magistrate Judge Mitchell recommended that the motion be denied, and Harsay has objected to that recommendation. Because denial of a motion to amend is treated as disposition of a dispositive motion, the Court reviews the portions of the Magistrate Judge's order to which Harsay objects de novo.[19]

First, Harsay objects to the Magistrate Judge's presentation of the history of Harsay's tenure case.[20] In reviewing the Report & Recommendation, however, the Magistrate Judge did not make any factual findings regarding Harsay's original case. She simply presented the history

---

[18] *See generally Kline v. Biles*, 2016 WL 6680940 (D. Kan. 2016), *aff'd*, 861 F.3d 1177 (10th Cir. 2017) (rejecting claims as barred by the *Rooker-Feldman* doctrine where "[a]lthough phrased nine different ways, the remaining claims are nothing more than an attempt to appeal the Kansas Supreme Court's decision in a lower federal court").

[19] *See Pedro*, 118 F. Supp. 2d at 1157.

[20] Although Harsay addressed Magistrate Judge Mitchell's presentation of the facts after her legal arguments, for clarity, the Court addresses this issue first.

of Harsay's case as laid out in the record, including in Harsay's own attached exhibits. The Court finds no material error in this recitation of the facts. Nonetheless, the Court notes that Harsay has asserted that there was no evidence of any weaknesses in her tenure case, other than those weaknesses which were misrepresented. The Court also notes that Harsay has asserted that the Kansas Supreme Court relied on an outdated and invalid interpretation of case law in deciding her case.

Next, Harsay argues that the cases cited by the Magistrate Judge are not relevant because they involve cases in which plaintiffs sought monetary damages, which Harsay does not seek.[21] Harsay is correct that the cited cases involved requests for monetary damages and a request for an order requiring payment, rather than injunctive relief. The Court believes it likely, however, that the Magistrate Judge cited those cases merely as a background explanation of Eleventh Amendment sovereign immunity and § 1983. Regardless, the Court recognizes that Harsay is not seeking monetary damages, so her Motion for Leave to Amend is not denied on that basis.

As noted by Magistrate Judge Mitchell, injunctive relief against judicial officers is prohibited under § 1983 absent a showing that a declaratory decree was violated, or declaratory relief was unavailable.[22] In her objection to the Magistrate's report, Harsay notes that she had alleged in her original Complaint that declaratory relief was unavailable in her tenure case at the Kansas Supreme Court.[23] Harsay's original Complaint explained that declaratory relief was not

---

[21] *See Blatchford v. Native Vill. of Noatak*, 501 U.S. 775 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Harper v. Off. of Att'y Regul.*, 2014 WL 5801173 (D. Colo. 2014); *Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114 (10th Cir. 2010).

[22] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010); *see also* 42 U.S.C. § 1983.

[23] Harsay asserts that she removed this language in her proposed amended complaint because she misunderstood Defendants' argument in their Motion to Dismiss. She asserts that she will add that language back into her Amended Complaint if the Court permits filing.

available in her tenure case because she did not seek a declaratory judgment. But that Harsay did not seek declaratory relief does not mean it was unavailable.[24] Thus, this argument cannot save Harsay's case.

Having addressed Harsay's objections and reviewed the Magistrate Judge's Report and Recommendation, the Court adopts Magistrate Judge Mitchell's conclusion that Harsay's Motion for Leave to Amend should be denied on the basis of futility.[25] Although the Court understands Harsay's allegation that the Kansas Supreme Court misrepresented or omitted critical factual details in her tenure case and understands Harsay's desire to correct the record, federal district courts are simply not granted the authority to provide the remedy Harsay seeks.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 20) is adopted. Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 17) is **DENIED.**

---

[24] *See Grove v. Groome*, 2018 WL 10879451, at *6 (D. Colo. 2018), *aff'd and remanded*, 817 F. App'x 551 (10th Cir. 2020) ("While Plaintiff does allege 'declaratory relief was unavailable to him,' this allegation is a legal conclusion that is not entitled to the presumption of truth.") (citations and alteration omitted).

[25] The Court notes that it has reviewed all of Harsay's filings, exhibits, and legal arguments, even if each argument has not been explicitly addressed in this Order.

**IT IS SO ORDERED.**

Dated this 16th day of August, 2022.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE